UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF MICHIGAN REGIONAL COUNCIL OF CARPENTERS' EMPLOYEE BENEFITS FUND; TRUSTEES OF CARPENTERS' PENSION TRUST FUND - DETROIT AND VICINITY; TRUSTEES OF MICHIGAN REGIONAL COUNCIL OF CARPENTERS' ANNUITY FUND; TRUSTEES OF THE DETROIT CARPENTRY JOINT APPRENTICESHIP AND TRAINING FUND; TRUSTEES OF THE CARPENTERS' LABOR MANAGEMENT PRODUCTIVITY AND TRAINING FUND; TRUSTEES OF THE CARPENTERS' WORKING DUES FUND; TRUSTEES OF THE CARPENTERS' INDUSTRY ADVANCEMENT FUND; TRUSTEES OF THE CARPENTERS SPECIAL ASSESSMENT FUND; THE MICHIGAN REGIONAL COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA,

     Plaintiffs,

v.

CAASTI CONTRACTING SERVICES, INC., a Michigan corporation, and CANDICE TAYLOR, an individual and JOANN TAYLOR, an individual, jointly and severally.

     Defendants.

Case No.   16-13422
Hon.

---

NOVARA TESIJA, P.L.L.C.
Bryan M. Beckerman (P51925)
Jon F. Gruner (P80630)
Attorneys for Plaintiffs
2000 Town Center, Suite 2370
Southfield, MI 48075
(248) 354-0380
bmb@novaratesija.com
jfg@novaratesija.com

---

## **PLAINTIFFS' COMPLAINT**

NOW COME, Plaintiffs, by and through their attorneys, NOVARA TESIJA, P.L.L.C., and for their Complaint, state as follows:

1

1.      The Trustees of the Michigan Regional Council of Carpenters' Employee Benefits Fund; Trustees of the Carpenters' Pension Trust Fund – Detroit and Vicinity; Trustees of the Michigan Regional Council of Carpenters' Annuity Fund; Trustees of the Detroit Carpentry Joint Apprenticeship and Training Fund; Trustees of the Carpenters' Labor Management Productivity and Training Fund; Trustees of the Carpenters' Working Dues Fund; Trustees of the Carpenters' Industry Advancement Fund; Trustees of the Carpenters Special Assessment Fund; and the Michigan Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America (collectively "the Funds") are each a jointly-trusted fund established pursuant to Section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 186 and Sections 302 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sections 1132 and 1145, and bring this action on behalf of their individual participants.

2.      The Michigan Regional Council Of Carpenters (hereinafter "MRCC" or "Union") is a labor organization, as defined in Section 451 of the National Labor Relations Act, 29 U.S.C. § 152 (5), with its principal place of business located at 400 Renaissance Center, Suite 1010 Detroit, Michigan 48243.

3.      Upon information, knowledge and belief, Defendant Caasti Contracting Services, Inc. ("Caasti") is a Michigan Corporation located at 19115 W 8 Mile Rd., Detroit, MI 48219, and is doing business in the State of Michigan.

4.      Defendant Candice Taylor is an owner, officer, director and shareholder of Caasti Contracting Services, Inc. located at 19115 W 8 Mile Rd., Detroit, MI 48219, and is doing business in the State of Michigan.

5.     Defendant JoAnn Taylor is an owner, officer, director and shareholder of Caasti Contracting Services, Inc. located at 19115 W 8 Mile Rd., Detroit, MI 48219, and is doing business in the State of Michigan.

6.     Jurisdiction in this Court is founded on Section 301(a) of the LMRA, as amended, 29 U.S.C. Section 185(a) and Sections 502 and 515 of ERISA, 29 U.S.C. Section 1132 and 1145, as amended by the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA") and Federal common law.  This Court also has supplemental jurisdiction of any state-law claims ancillary to the relief sought herein.

## COUNT I
## ERISA: DELINQUENT CONTRIBUTIONS

7.     Plaintiffs hereby re-allege and incorporate the allegations contained in Paragraphs 1 through 6 of their Complaint as fully set forth herein.

8.     Section 515 of ERISA provides that "every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

9.     Section 502 of ERISA provides a federal forum for enforcement of the various duties imposed by ERISA, including, but not limited to, allowance of a lawsuit to enjoin any act which violates ERISA or to obtain other appropriate legal and equitable relief.

10.    Pursuant to the collective bargaining agreement (hereinafter "CBA") between Caasti and the Union, Caasti agreed to make employee fringe benefit contributions and assessments to the Funds for each employee covered by the CBA, which are individuals in the appropriate bargaining unit who perform covered work ("Employees"), and to be

bound by the terms and conditions set forth in the Funds' Trust Agreements (the "Trust Agreements"). Defendants have a copy of all records within their files; notwithstanding, Plaintiffs have attached copies of the relevant CBAs, along with its signature page hereto as **Exhibit 1** and the relevant Trust Agreements as **Exhibits 2, 2-1 and 2-2**.

11. The Funds are third-party beneficiaries of the parties' CBA.

12. Caasti has violated both its contractual and statutory obligations by failing to make all of the fringe benefit contributions and assessments due on behalf of each Employee covered by the CBA and as incorporated in same, the relevant Trust Agreements.

13. As a result of Caasti's violations of its contractual and statutory obligations, Defendants have violated ERISA, the CBA and the relevant Trust Agreements.

14. Plaintiffs are entitled to all remedies under ERISA, including, but not limited to, payment of fringe benefit contributions owed, audit assessments, liquidated damages, attorneys' fees and costs.

15. At all relevant times, Defendant Caasti was bound to the parties' CBA, which includes, but is not limited to, the time period of September 2015 through June 2016.

16. The Funds have been damaged in such an amount as found due by the September 15, 2015 audit, being $72,588.62 (see **Exhibit 3**, September 15, 2016 Audit, attached hereto and made a part hereof by reference).

17. Further, in operating Caasti, Defendant Candice Taylor has, among other things, (a) failed to follow business formalities, (b) failed to adequately capitalize the business which has caused a failure to remit contributions to Plaintiffs, (c) commingled personal

and business assets, and (d) committed fraud by taking monies from the business while failing to make fringe benefit contributions to Plaintiffs.

18. An injustice will be imposed on Plaintiffs in the absence of individual liability because the ability of Defendant Caasti to pay delinquencies owed to Plaintiffs is in serious doubt.

19. Defendant Caasti has fraudulently avoided paying required benefit contributions to Plaintiffs and engaged in misconduct, which includes, but is not limited to, converting money paid to it for the purpose of paying benefit contributions to Plaintiff Funds and retaining monies required to be paid for the benefit of its employees.

20. As officers, directors, shareholders and persons who make decisions, Candice Taylor and JoAnn Taylor are responsible for Defendant Caasti's compliance with its contractual and statutory obligations to Plaintiffs, notwithstanding, Defendants Candice Taylor and JoAnn Taylor failed to follow business formalities, had personal knowledge of Caasti's undercapitalization, and with the requisite intent, fraudulently and improperly diverted monies which were to be paid for the benefit of its employees.

21. Because of Defendants Candice Taylor's and JoAnn Taylor's actions and/or inactions cited within this Complaint, Plaintiffs have suffered financial losses.

WHEREFORE, Plaintiffs request that the Honorable Court grant the following relief:

a. Enter a judgment in the Plaintiffs' favor against Caasti, Candice Taylor and JoAnn Taylor for $72,588.62 as found owing by said audit, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

b. That jurisdiction of this matter be retained pending compliance with the Court's orders; and

    c.    Any such other, further or different relief as may be just and equitable under the circumstances.

## COUNT II
## BREACH OF FIDUCIARY DUTIES

22. Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 21 of their Complaint as fully set forth herein.

## GENERAL

23. Participants of the Funds were employed by Caasti to perform work and provide labor on various construction projects in the State of Michigan.

24. The construction projects were within the Union's jurisdiction pursuant to the CBA executed by the parties.

25. The participants of the Funds provided labor and services, on behalf of Caasti, pursuant to the parties' CBA and thus earned outstanding fringe benefit contributions in connection with and in furtherance of their employment and labor on said projects.

26. Caasti was obligated to pay fringe benefit contributions to the Funds for these participants on said projects.

27. The outstanding accrued fringe benefit contributions were properly payable to the Funds administered by Plaintiffs when due.

28. Caasti received monies on said projects, but failed to pay all of the fringe benefit contributions owed the Funds on said projects when due.

29. The accrued fringe benefit contributions and monies in Caastis' possession, custody and/or control from said projects which were available to pay the participants' accrued fringe benefit contributions were to be held in trust by Defendants in their capacity as fiduciaries, as required by ERISA, 29 U.S.C. §1145, until Defendants paid to

Plaintiffs said fringe benefit contributions in accordance with the terms and conditions of their CBA and Trust Agreements.

30. The Trust Agreements for the Funds, incorporated by the relevant CBA (see **Exhibit 2,** Article II, Section 2.3, Pages 22-23; **Exhibit 2-1,** Article VI, Section 8, Page 23; and **Exhibit 2-2,** Article II, Section 2.3, Page 34-35, attached hereto and made a part hereof by reference) provide that unpaid contributions become plan assets at the time they become due.

31. Defendants, including the individual Defendants, being Candice Taylor and JoAnn Taylor had actual and/or constructive notice of the above-referenced Trust Agreements and their respective amendments.

32. Thus, Caasti accrued fringe benefit contributions owed to the Funds on said projects, that became plan assets of the respective Funds administered by Plaintiffs at the time they became due as provided for in the Trust Agreement and Plan documents, within the meaning of ERISA §3(21)(A); 29 U.S.C. §1002(21)(A).

33. ERISA provides that a person is a fiduciary with respect to the Funds to the extent that the person exercises any discretionary authority or control with the respect to the disposition of Plan assets. ERISA §3(21)(A); 29 U.S.C. § 1002(21)(A).

34. Owners, officers, directors and/or managers of Caasti are considered fiduciaries of the Funds based upon the conduct and authority of said people, including, but not limited to, their personal exercise of discretionary authority and control over Funds' assets.

### **CANDICE TAYLOR**

35. Candice Taylor as an owner, officer, director and/or manager of Caasti, upon information, knowledge and belief, personally exercised discretionary authority and

control over the disposition of Caasti's accrued fringe benefit contributions, being plan assets recognized by ERISA.

36. Candice Taylor, as an owner, officer, director and/or manager of Caasti is considered a fiduciary of the Funds based upon his conduct and authority over the contributions associated with same.

37. Upon information, knowledge and belief, Candice Taylor, as an owner, officer, director and/or manager of Caasti, personally exercised discretionary authority and control over the disposition of Caasti's accrued fringe benefit contributions, which are plan assets as defined by ERISA and the relevant Trust Agreement and Plan documents.

38. Since Candice Taylor, as an owner, officer, director and/or manager of Caasti, personally exercised discretionary authority and control over Caasti's accrued fringe benefit contributions, being plan assets, he is a fiduciary of the Funds.

39. Although legally and contractually obligated to do so, Candice Taylor failed to turn over the above-mentioned plan assets by failing to pay all of the accrued outstanding fringe benefit contributions to Plaintiffs when due.

40. Upon information, knowledge and belief, Candice Taylor utilized the accrued outstanding fringe benefit contributions and monies within his possession, custody and/or control for purposes other than payment to Plaintiffs.

41. In failing to turn over such plan assets to Plaintiffs, Candice Taylor violated 29 U.S.C. §§1145, 1104 and 1109, and his obligations under the CBA and Trust Agreements.

42. Candice Taylor's failure to turn over the plan assets, failure to make fringe benefit contributions to Plaintiffs, failure to account for those contributions, and misuse of funds

and monies otherwise payable to Plaintiffs, constitutes a breach of fiduciary duties regarding the Funds pursuant to 29 U.S.C. §1104(a)(1)(A) and are violations of 29 U.S.C. §§ 1145, 1104 and 1109(a).

43.   Thus, by directing that Caasti's assets, which were owed to the Funds, be paid for other purposes instead of being deposited with the Funds for their participants and beneficiaries, Candice Taylor failed to discharge his fiduciary duties with respect to the Funds solely in the interest of the participants and beneficiaries as required by ERISA 404(a)(1); 29 U.S.C. §1104(a)(1).

44.   ERISA imposes personal liability on a fiduciary who breaches fiduciary duties. 29 U.S.C. §1109.

45.   As a result of his above-mentioned actions, Candice Taylor breached his fiduciary duties owed to the Funds and is thus, personally liable to the Funds for such breaches.

46.   Defendant Candice Taylor knew or should have known that he would be held personally liable for his above-referenced actions.

47.   ERISA also provides that if there is a loss caused by a breach of fiduciary duty, the fiduciary must make the Plan whole by restoring any losses caused by the breach. 29 U.S.C. §1109.

48.   Due to the above-mentioned actions of Candice Taylor, the loss to the Funds is $72,588.62.

49.   Candice Taylor, as a fiduciary, must make the Funds whole by restoring the above-mentioned losses of $72,588.62, to the Funds.

50.   As stated within, the Funds have been damaged in an amount of $72,588.62 because of Candice Taylor's breach of his fiduciary duties.

## **JOANN TAYLOR**

51. JoAnn Taylor as an owner, officer, director and/or manager of Caasti, upon information, knowledge and belief, personally exercised discretionary authority and control over the disposition of Caasti's accrued fringe benefit contributions, being plan assets recognized by ERISA.

52. JoAnn Taylor, as an owner, officer, director and/or manager of Caasti is considered a fiduciary of the Funds based upon his conduct and authority over the contributions associated with same.

53. Upon information, knowledge and belief, JoAnn Taylor, as an owner, officer, director and/or manager of Caasti, personally exercised discretionary authority and control over the disposition of Caasti's accrued fringe benefit contributions, which are plan assets as defined by ERISA and the relevant Trust Agreement and Plan documents.

54. Since JoAnn Taylor, as an owner, officer, director and/or manager of Caasti, personally exercised discretionary authority and control over Caasti's accrued fringe benefit contributions, being plan assets, he is a fiduciary of the Funds.

55. Although legally and contractually obligated to do so, JoAnn Taylor failed to turn over the above-mentioned plan assets by failing to pay all of the accrued outstanding fringe benefit contributions to Plaintiffs when due.

56. Upon information, knowledge and belief, JoAnn Taylor utilized the accrued outstanding fringe benefit contributions and monies within his possession, custody and/or control for purposes other than payment to Plaintiffs.

57. In failing to turn over such plan assets to Plaintiffs, JoAnn Taylor violated 29 U.S.C. §§1145, 1104 and 1109, and his obligations under the CBA and Trust Agreements.

58. JoAnn Taylor's failure to turn over the plan assets, failure to make fringe benefit contributions to Plaintiffs, failure to account for those contributions, and misuse of funds and monies otherwise payable to Plaintiffs, constitutes a breach of fiduciary duties regarding the Funds pursuant to 29 U.S.C. §1104(a)(1)(A) and are violations of 29 U.S.C. §§ 1145, 1104 and 1109(a).

59. Thus, by directing that Caasti's assets, which were owed to the Funds, be paid for other purposes instead of being deposited with the Funds for their participants and beneficiaries, JoAnn Taylor failed to discharge his fiduciary duties with respect to the Funds solely in the interest of the participants and beneficiaries as required by ERISA 404(a)(1); 29 U.S.C. §1104(a)(1).

60. ERISA imposes personal liability on a fiduciary who breaches fiduciary duties. 29 U.S.C. §1109.

61. As a result of his above-mentioned actions, JoAnn Taylor breached his fiduciary duties owed to the Funds and is thus, personally liable to the Funds for such breaches.

62. Defendant JoAnn Taylor knew or should have known that he would be held personally liable for his above-referenced actions.

63. ERISA also provides that if there is a loss caused by a breach of fiduciary duty, the fiduciary must make the Plan whole by restoring any losses caused by the breach. 29 U.S.C. §1109.

64.   Due to the above-mentioned actions of JoAnn Taylor, the loss to the Funds is $72,588.62.

65.   JoAnn Taylor, as a fiduciary, must make the Funds whole by restoring the above-mentioned losses of $72,588.62, to the Funds.

66.   As stated within, the Funds have been damaged in an amount of $72,588.62 because of JoAnn Taylor's breach of his fiduciary duties.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

a.   Enter a judgment in the Plaintiffs' favor against Defendant Caasti and Defendants Candice Taylor and JoAnn Taylor, in an amount of $72,588.62 as found owing by said audit, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

b.   That jurisdiction of this matter be retained pending compliance with the Court's orders; and

c.   Enter a declaratory order finding that Caasti is bound by the CBA; and

d.   Any such other, further or different relief as may be just and equitable under the circumstances.

## COUNT III
## BUILDERS TRUST FUND

67.   Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 66 of their Complaint as fully set forth herein.

68.   Participants of the Funds were employed by Caasti to perform work on various construction projects in the State of Michigan.

69.   Caasti has failed to pay all of the fringe benefit contributions owed the Funds on said projects.

70. The Michigan Building Contract Fund Act (the "Act"), MCLR 570.151 et seq., imposes a trust on funds paid to a building contractor with subcontractors and material men as beneficiaries of said trust.

71. Under the Act, Caasti, Candice Taylor and JoAnn Taylor are fiduciaries and trustees for the Funds' participants, who are the beneficiaries of all monies paid to Caasti on said projects.

72. The Defendants have failed to pay over to the Funds the monies held in trust and covered by the Act, which are due the Plaintiffs.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

a. Enter a judgment in the Plaintiffs' favor against Defendants Caasti, Candice Taylor and JoAnn Taylor for no less than $72,588.62 as found owing by said audit together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due the Funds during the pendency of this action;

b. That jurisdiction of this matter be retained, pending compliance with the Court's orders; and

c. Any such other further or different relief as may be just and equitable under the circumstances.

        Respectfully submitted,

        NOVARA TESIJA, P.L.L.C.

        BY: /s/Bryan M. Beckerman
         Bryan M. Beckerman (P51925)
         Jon F. Gruner (P80630)
         Attorneys for Plaintiffs
         2000 Town Center, Suite 2370
         Southfield, MI  48075-1314
         (248) 354-0380
         bmb@novaratesija.com
         jfg@novaratesija.com

Dated: September 21, 2016
W:\FUNDS\Mrcc\LITIGATION\Firm Built Construction\2016 Pleadings\Complaint 3-21-16.Doc