UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN REGIONAL COUNCIL
OF CARPENTERS EMPLOYEE
BENEFIT FUND, *et al.*,

    Plaintiffs,

v.

Case No. 16-13422

Hon. John Corbett O'Meara

CAASTI CONTRACTING SERVICES
INC, a Michigan corporation, CANDACE
TAYLOR, an individual, and JOANN
TAYLOR, an individual, jointly and
severally,

    Defendants.
_____/

**ORDER DENYING MOTION**
**TO SET ASIDE DEFAULT JUDGMENT**

The Plaintiff Funds brought this action pursuant to the Employee Retirement Income Security Act ("ERISA") to recover delinquent fringe benefit contributions from Caasti Contracting Services, Inc., Candace Taylor, and JoAnn Taylor. Plaintiffs filed their complaint on September 21, 2016. After no action was taken to prosecute the case, the court issued an order to show cause on February 27, 2017. In response, Plaintiffs indicated that the parties were attempting to negotiate a settlement. Defendants, through counsel, filed their answer to the complaint on

February 28, 2017. Thereafter, Defendants' counsel moved to withdraw. The court issued an order permitting Defendants' counsel to withdraw on June 16, 2017, and providing thirty days for Defendants to obtain new counsel.

The court set a scheduling conference for September 9, 2017, at which time Defendants failed to appear. On September 15, 2017, Plaintiffs moved for a clerk's entry of default, which was entered on October 20, 2017. Plaintiffs also moved for a default judgment on October 10, 2017. Defendants did not respond to Plaintiffs' motions. The court held a hearing on January 4, 2018. At that time, JoAnn Taylor appeared and argued in opposition to the default judgment.[1] The court entered the default judgment on January 5, 2018.

On January 8, 2018, JoAnn Taylor filed a "motion to deny default judgment," which the court will construe as a motion to set aside the default judgment. Pursuant to Federal Rule of Civil Procdure 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Under Rule 60(b), the court may set aside a final default judgment for the following reasons:

---

[1] JoAnn Taylor stated that she represented Caasti. As a non-lawyer, however, Ms. Taylor may only represent herself in court, not another individual or entity. Bischoff v. Waldorf, 660 F. Supp. 2d 815, 820 (E.D. Mich. 2009) ("The Sixth Circuit has held that a corporation must appear by counsel or not at all.").

>(1) mistake, inadvertence, surprise, or excusable neglect;
>(2) newly discovered evidence . . .
>(3) fraud . . . misrepresentation, or misconduct by an opposing party;
>(4) the judgment is void;
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying is prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

Id.

Taylor argues that the judgment should be set aside as a result of fraud, because Plaintiffs received funds from third-party bonding companies that were not applied to reduce the judgment amount. Plaintiffs admit to receiving $29,000 from bonding companies, which they have credited toward the judgment, leaving a balance of $43,588.62. Under these circumstances, Taylor has not demonstrated fraud as contemplated by Rule 60(b), which requires a showing that the other side's misconduct "foreclosed full and fair preparation or presentation of [her] case." Karak v. Bursaw Oil Corp., 288 F.3d 15, 21 (1st Cir. 2002).

Taylor also argues that she is not liable under ERISA or the Michigan Builders Trust Fund Act. Before the court may consider whether Taylor has a meritorious defense, however, it must consider whether she has articulated a reason to set aside the default judgment under Rule 60(b), such as "mistake, inadvertence, surprise, or excusable neglect." See Waifersong, Ltd. Inc. v. Classic Music

Vending, 976 F.2d 290, 292 (6th Cir. 1992). Taylor has not done so. Although Taylor argues that the judgment is "void," a judgment "is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 11 Wright, Miller & Kane, Federal Practice & Procedure § 2862. Taylor has not made this showing.

For these reasons, IT IS HEREBY ORDERED that Taylor's motion to set aside default judgment is DENIED.

                                                  s/John Corbett O'Meara
                                                  United States District Judge

Date: March 21, 2018

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 21, 2018, using the ECF system and/or ordinary mail.

                                                  s/William Barkholz
                                                  Case Manager